Lynn Richard Norton #54534-074
Full Name/Prisoner Number
FCI Loretto
PO Box 1000
Cresson, PA 16630
Complete Mailing Address

Plaintiff

RECEIVED
MAR 19 2025
CLERK, U.S. DISTRICT COURT
FOR THE WESTERN DISTRICT
OF PENNSYLVANIA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF Pennsylvania
Johnstown, Division

Lynn Richard Norton
Plaintiff,
(Full name and prisoner number.)

vs.

Michael Underwood, Warden
Stephanie Hoover, Provider; Kim Swindell, Medical Director; T. Grove, Health Administrator
Defendant(s),
(Full name(s). Do not use et. al.)

CASE NO. 3:25-cv-88
(To be supplied by the Court)

**PRISONER CIVIL RIGHTS COMPLAINT**

**A. PARTIES**

1. Lynn Richard Norton (Plaintiff) is a citizen of United States of America (State) presently residing at Federal Correctional Institution, PO Box 1000, Cresson, PA 16630 (Mailing address or place of confinement)

2. Defendant Michael Underwood (Name of first defendant) is a citizen of United States of America (State) whose address is Federal Correctional Institution, PO Box 1000, Cresson, PA 16630, and who is employed as the Institutional Warden (continued on page (9)) (Title and place of employment)

At the time the claim(s) alleged in this complaint arose, was this defendant acting under color

of state law? X Yes ____No. If your answer if "Yes," briefly explain: ____________

______________________________________________

______________________________________________

______________________________________________

______________________________________________

3. Defendant Stephanie Hoover is a citizen of United States of America
(Name of second defendant) (State)
whose address is Federal Correctional Institution, PO Box 1000, Cresson, PA 16630,

and who is employed as Medical Provider for Mr. Norton.
(Title and place of employment)

At the time the claim(s) alleged in this complaint arose, was this defendant acting under color

of state law? X Yes ____No. If your answer is "Yes," briefly explain: ____________

______________________________________________

______________________________________________

______________________________________________

______________________________________________.

**NOTE: If more space is needed to furnish the above information for additional defendants, continue on a blank sheet which you should label "APPENDIX A. PARTIES." Be sure to include the same information for each defendant including their complete address and title.**

## B. JURISDICTION

1. Jurisdiction is asserted pursuant to (CHECK ONE)

____ 42 U.S.C. § 1983 (applies to state prisoners)

X *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971) and 28 U.S.C. § 1331 (applies to federal prisoners)

2. Jurisdiction also is invoked pursuant to 28 U.S.C. § 1343(a)(3). (If you wish to assert jurisdiction under different under different or additional statutes, you may list them below.)

## C. CAUSE OF ACTION

1. I allege that the following of my constitutional rights, privileges, or immunities have been violated : (If more space is needed to explain any allegation or to list additional supporting facts, continue on a blank sheet which you should label "APPENDIX D. CAUSE OF ACTION.")

See Appendix D (continued on pages (10-12)

2. Supporting Facts: (Include all facts you consider important, including names of persons involved, places, and dates. Describe exactly how each defendant is involved. State the facts clearly in your own words without citing legal authority or argument.)

See Appendix D

## D. PREVIOUS LAWSUITS

1. Have you begun other lawsuits in state or federal court dealing with the same facts involved in this action or otherwise relating to the conditions of your imprisonment? Yes ___ No ✓. If your answer is "Yes," describe each lawsuit. (If there is more than one lawsuit, described the additional lawsuits using this same format on a blank sheet which you should label "APPENDIX E. PREVIOUS LAWSUITS")

a. Parties to previous lawsuit:

Plaintiff(s): ____________________

____________________

Defendant(s) ____________________

____________________

b. Name and location of court and docket (case) number: ____________________

____________________

c. Disposition of lawsuit. (For example, was the case dismissed? Was it appealed? It is still pending?) ____________________

____________________

d. Issues raised: ____________________

____________________

____________________

e. Approximate date of filing lawsuit: ____________________

f. Approximate date of disposition: ____________________

## E. EXHAUSTION OF PRISON OR JAIL GRIEVANCE SYSTEM

1. I have exhausted the grievance system within the jail or prison in which I am incarcerated. ✓ Yes ____No. If your answer is "Yes, briefly explain the steps taken to exhaust each claim you are bringing against each Defendant. It is advisable to attach proof of exhaustion. If your answer is "No," briefly explain why the grievance system or other administrative remedies were not exhausted.

See Appendix D

____________________

____________________

______________________________________________

______________________________________________

## F. PREVIOUSLY DISMISSED ACTIONS OR APPEALS

1. If you are proceeding under 28 U.S.C. § 1915, please list each civil action or appeal you have brought in a court of the United States, while you were incarcerated or detained in any facility, that was dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted. Please describe each civil action or appeal. If there is more than one civil action or appeal, describe the additional civil actions or appeals using this same format on a blank sheet which you should label "APPENDIX F. PREVIOUSLY DISMISSED ACTIONS OR APPEALS."

a. Parties to previous lawsuit:

Plaintiff(s): ______________________________

______________________________

Defendant(s): ______________________________

______________________________

b. Name and location of court and docket (case) number: ______________________________

______________________________

c. Grounds for dismissal: ( ) frivolous ( ) malicious ( ) failure to state a claim upon which relief may be granted.

d. Approximate date of filing lawsuit: ______________________________

e. Approximate date of disposition: ______________________________

## G. IMMINENT HARM

1. Are you in imminent danger of serious physical injury? ✓ Yes ____ No. If your answer is "Yes," please describe the facts in detail below without citing legal authority or argument.

Block Matters

## H. REQUEST FOR RELIEF

I request the following relief:

See Appendix D (continued on page 12-13)

## I. Request for Appointment of Attorney

I do ✓ do not ____ request that an attorney be appointed to represent me in this matter. I believe that I am in need of an attorney for these particular reasons which make it difficult for me to pursue this matter without an attorney:

Lynn Richard Norton
Prisoner Original Signature

## DECLARATION UNDER PENALTY OF PERJURY

The undersigned declares under penalty of perjury that he/she is the plaintiff in the above action, that he/she has read the above complaint and that the information contained in the complaint is true and correct. 28 U.S.C. § 1746; 18 U.S.C. § 1621.

Executed at Cresson, PA. 16630 (location) on Feb. 20, 2025 (date)

Lynn Richard Norton
Prisoner's Original Signature

APPENDIX A: PARTIES

4. Defendant Kim Swindell, is a citizen of the United States of America, whose address is Federal Correctional Institution, PO Box 1000, Cresson, PA 16630, and who is employed as a Medical Doctor for FCI Loretto, and was acting under color of law.

5. Defendant T. Grove, is a citizen of the United States of America, whose address is Federal Correctional Institution, PO Box 1000, Cresson, PA 16630, and who is employed as the Health Administrator for FCI Loretto, and was acting under color of law.

APPENDIX D: CAUSE OF ACTION

Statement of Case

The plaintiff, Lynn Richard Norton, an inmate under the care of respondant Michael Underwood at FCI Loretto, Federal Correctional Institution, PO Box 1000, Cresson, PA 16630.

Norton was convicted under perjured testimony in United States v. Norton, No. 2:19-cr-145 (E.D.Tenn. 2021) and was, on April 4, 2022, sentenced to 240 months imprisonment for 336 grams of methamphetamine and possession of a firearm as a convicted felon.

Prior to Norton's arrest on September 22, 2019, Norton with only two stints in his heart, was 100% present disabled from spinal sclerosis, a stroke, heart attack, stomach hernia, COPD, high blood pressure, class-C hepatitis, and other medical issues that Norton had no knowledge of until after his detention.

Following Norton's convictions, Norton was incarcerated at the FCI in Beaumont, Texas, where Norton had to undergo three heart stints and a left carotid artery surgery.

After filing an inmate complaint in denying Norton medical treatment for a pinched nerve in Norton's neck, Norton was transferred to the FCI at Loretto, in Cresson, Pennsylvania. Here, he is under the care of respondants Michael Underwood, Warden; Stephanie Hoover, a medical provider and physician's assistant; Kim Swindell, a medical doctor; and T. Grove, the health services administrator; and others.

The respondant, Swindell, in 2024, ordered Norton extra pillows for his COPD and breathing, a back brace for his spinal sclerosis, a hernia belt for his ruptured hernia, a mattress overlay based on Norton's age and spine problems, an abdominal binder, and a cane. After two months had expired, Norton had not been issued his health issues. After filing a complaint, Norton was seen by the respondant, T. Grove, who talked Norton into withdrawing the BP-9 complaint,

alleging that it takes time to get medical equipment (see Exhibit A). Through today, Norton has not been provided any of the medical equipment except his cane and a foot binder. This is clearly a denial of medical care and treatment.

Issues

1. Since Norton's arrival at FCI Loretto, more than three months have passed and Norton has not been issued a hernia belt, an Eighth Amendment violation, forcing Norton to suffer daily pains in his stomach and body without this belt or surgery. See Myrick v. Anglin, 496 Fed.App'x. 670, 2012 US App. LEXIS 24023 (7th Cir., Sep. 19, 2012).

2. Since Norton's arrival at FCI Loretto, Norton has not been issued his back brace. Without this brace, Norton, whose right leg is paralyzed and right foot has partial loss of function from a stroke, suffers extreme pains in his back and body without this back brace. This is clearly forcing Norton cruel and unusual punishment, prohibited by the Eighth Amendment.

3. Since Norton's arrival at FCI Loretto, Norton has suffered from a pinched nerve in his neck (left side). The pains have been traveling up the nerve into Norton's brain. This injury has caused Norton extreme pain to a high degree, causing dizziness and a high risk of other injuries, has caused Norton loss of sleep, weight, sickness and breathing problems, and heart failure, causing the pains and pinched nerve system to run up Norton's blood pressure, among other things. The respondants have ignored this and denied treatment for several months. See attached documents for review. This is clearly cruel and unusual punishment under the Eighth Amendment.

4. Norton, who is 65 years old, is suffering from a bad heart, with six stints. Four of these stints have been placed in the last eight months, and Norton suffers from carotid artery blockages, having undergone surgery on his left carotid artery. Norton has been unable to undergo surgery on his right carotid artery

M

because of the flu, the pinched nerve, and other heart conditions. Therefore, the health personnel at Beaumont put Norton down as refusing treatment. They refused to reschedule the life-saving treatment (see Documents). The respondants at FCI Loretto have continued to deny this treatment, citing the refusal as their reason for denying the treatment. This is clearly a violation of the Eighth Amendment.

5. Further, Norton is detained in unconstitutional conditions. When held in a cell with twenty-degree temperatures, with broken windows covered with plastic sheeting, and no heat, the issue was raised to Warden Underwood who responded that those complaining should "snuggle up with [their] cellmates." This enticement of homosexuality ignores the unconstitutional conditions, the lack of heat, the overcrowded cells, and the living conditions, all in violation of the Eighth Amendment. See French v. Owens, 777 F.2d 1250 (7th Cir. 1985); Toussaint v. Yockey, 722 F.2d 1490 (9th Cir. 1984).

Request for Relief

WHEREFORE:

1. Norton seeks punitive damages in the sum of Five-Hundred-Thousand Dollars for the pain and injuries to Norton's body, stomach, heart, and back, among other injuries.

2. Norton requests a trial by jury.

3. Norton requests compensation damages for lawyer fees and filing fees, among any other fees, in the sum of One-Hundred-Thousand Dollars.

4. Norton requests the appointment of counsel as Norton is over 65, disabled, and suffering from pains, has gloucoma and heart problems, and is unable to proceed without assistance due to these issues.

5. Norton requests an injunction order, under Rule 65(a) of Fed.R.Civ.P., that the North One housing unit cells at FCI Loretto, without heat, be ordered closed, or the heat fixed, immediately.

6. Norton requests that this Honorable Court grant any other relief that it may find fit and proper.

7. Norton reserves the right to amend this action.