## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

LYNN RICHARD NORTON,    )
       )
      Plaintiff,    )    Civil Action No. 3:25-cv-88
       )
    v.    )
       )    Magistrate Judge Patricia L. Dodge
MICHAEL UNDERWOOD, Warden, *et al.*, )
       )
      Defendants.    )

### MEMORANDUM OPINION

Plaintiff Lynn Richard Norton, a prisoner in the custody of the Federal Bureau of Prisons ("BOP"), brings this *pro se* civil rights action pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), against Michael Underwood, the warden of FCI Loretto; Stephanie Hoover, a medical provider and physician's assistant at FCI Loretto; Kim Swindell, a medical doctor at FCI Loretto; and T. Grove, a health services administrator at FCI Loretto. Plaintiff's Complaint asserts violations of the Eighth Amendment.

Pending before the Court[1] is Defendants' Motion to Dismiss. (ECF No. 35.) They also move in the alternative for summary judgment on the issue of exhaustion. Defendants filed a brief in support. (ECF No. 36.) In response, Plaintiff filed a Response, a "Supplement Motion," and a Motion for Summary Judgment and/or Jury Trial. (ECF Nos. 38, 40, and 47.) Defendants filed an Opposition to the Motion for Summary Judgment and/or Jury Trial. (ECF No. 50.) Therefore, these motions are ready for review.

---

[1] In accordance with the provisions of 28 U.S.C. § 636(c)(1), the parties voluntarily consented to have a United States Magistrate Judge conduct proceedings in this case, including entry of a final judgment.

## I.      Factual Allegations

As alleged in the Complaint, prior to his imprisonment in 2019, Plaintiff had two stents in his heart, was "100% disabled" from spinal stenosis, had a stroke, a heart attack, and a stomach hernia, and suffered from COPD, high blood pressure, and hepatitis C. (ECF No. 13 at 10.) When he was incarcerated at an FCI in Beaumont, Texas, he received three heart stents and had surgery on his left carotid artery. (*Id.*) He sought treatment for a pinched nerve in his neck, but his request was denied. (*Id.*)

Plaintiff was transferred to FCI Loretto on November 27, 2024. There, Dr. Swindell ordered that Plaintiff be provided with extra pillows for his COPD/breathing issues, a back brace for his spinal stenosis, a hernia belt for his ruptured hernia, a mattress overlay based on his age and spinal problems, an abdominal binder, and a cane. (*Id.*) Two months later, Plaintiff filed a complaint about not being issued the medical equipment. (*Id.*) Grove persuaded Plaintiff to withdraw his complaint, explaining that it takes time to get medical equipment. (*Id.* at 10-11.) At the time the instant Complaint was filed, Plaintiff had received only a cane and foot binder. (*Id.* at 11.) Without this medical equipment, Plaintiff suffers daily pain from his ailments. (*Id.* at 11.)

Plaintiff also suffers from pain and other side effects because of the pinched nerve in his neck, for which he has been denied treatment. (*Id.*) He alleges that he also requires surgery on his right carotid artery, but the surgery has been refused based on inaccurate information to the effect that he refused the surgery in Beaumont. (*Id.* at 11-12.)

Finally, Plaintiff also claims that at FCI Loretto, he was housed in an unheated cell. (*Id.* at 12.)

Plaintiff asserts that his Eighth Amendment rights were violated by the following: (1) failure to receive a hernia belt; (2) failure to receive a back brace; (3) failure to treat Plaintiff's

pinched nerve in his neck; (4) failure to provide surgery on Plaintiff's right carotid artery; and (5) the cold conditions of confinement at FCI Loretto. (ECF No. 13 at 11-12.) Plaintiff seeks punitive damages for his injuries, compensatory damages for legal fees, the appointment of counsel,[2] and an injunction to rectify the conditions of the North One cells at FCI Loretto.[3] (*Id.* at 12.)

## II.    Legal Standard

A complaint requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Under Federal Rule of Civil Procedure 12(b)(6), a complaint may be dismissed, in whole or in part, for "failure to state a claim upon which relief can be granted." In deciding a Rule 12(b)(6) motion, the court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (quoting *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008)). While "accept[ing] all of the complaint's well-pleaded facts as true," the court "may disregard any legal conclusions." *Id.* at 210-11. Further, in considering a motion to dismiss, the court generally considers only the allegations in the complaint, exhibits attached to the complaint, matters of public record, and documents that form the basis of

---

[2] After the Complaint was filed, Plaintiff filed three motions to appoint counsel (ECF Nos. 3, 9, 40), all of which were denied (ECF Nos. 8, 14, 45.)

[3] Plaintiff is no longer housed at FCI Loretto. Since April 15, 2025, Plaintiff has been housed at a federal medical center, FMC Devens, in Massachusetts. Accordingly, his request for injunctive relief to remedy the conditions at FCI Loretto is moot. *See Sutton v. Rasheed*, 323 F.3d 236, 248 (3d Cir. 2003) ("An inmate's transfer from the facility complained of generally moots the equitable and declaratory claims."); *Johnson v. Wenerowicz*, 440 Fed. Appx. 60, 62 (3d Cir. 2011) ("As the District Court correctly determined, Johnson's requests for injunctive and declaratory relief against the named DOC defendants were rendered moot by his transfer to SCI-Fayette[.]"); *Santiago v. Sherman*, Civ. A. No. 05-153, 2007 WL 217353, at *3 (W.D. Pa. Jan. 25, 2007) ("In the prison context, the transfer of an inmate from the facility complained of moots claims for injunctive relief involving that facility.").

a claim when considering the motion to dismiss. *Lum v. Bank of Am.*, 361 F.3d 217, 222 n.3 (3d Cir. 2004) (citations omitted).

To survive a motion to dismiss, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Though 'detailed factual allegations' are not required, a complaint must do more than simply provide 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action.'" *Davis v. Abington Mem'l Hosp.*, 765 F.3d 236, 241 (3d Cir. 2014) (quoting *Twombly*, 550 U.S. at 555). In sum, the plaintiff "must plead facts sufficient to show that her claim has substantive plausibility." *Johnson v. City of Shelby, Miss.*, 574 U.S. 10 (2014).

To assess the sufficiency of a complaint under *Twombly* and *Iqbal*, a court must take three steps: (1) outline the elements the plaintiff must plead to state a claim for relief; (2) peel away those allegations that are no more than conclusions and thus not entitled to the assumption of truth; (3) look for well-pled factual allegations, assume their veracity, and then determine whether they plausibly give rise to an entitlement to relief. *Bistrian v. Levi*, 696 F.3d 352, 365 (3d Cir. 2012). The court's plausibility determination is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

When a motion to dismiss is styled in the alternative as a motion for summary judgment, the nonmoving party has adequate notice that the court may convert the moving party's motion to dismiss into a motion for summary judgment. *Razzoli v. Director, Bureau of Prisons*, 293 Fed. Appx. 852, 855 (3d Cir. 2008). As such, "the opposing party is under an obligation to respond to that motion in a timely fashion and to place before the court all materials it wishes to have

considered" even if the motion only moved for summary judgment in the alternative. *Hilfirty v. Shipman*, 91 F.3d 573, 579 (3d Cir. 1996) *overruled on other grounds Merkle v. Upper Dublin Sch. Dist.*, 211 F.3d 782, 791 (3d Cir. 2000).

Rule 56(a) provides that a court shall grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

Additionally, the filings of a pro se party must be liberally construed and a pro se complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers[.]" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)) (internal quotation marks omitted); *see also Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011) ("The obligation to liberally construe a pro se litigant's pleadings is well-established."). Moreover, the court must "apply the relevant legal principle even when the complaint has failed to name it." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244 (3d Cir. 2013). That said, "pro se litigants still must allege sufficient facts in their complaints to support a claim[,]" and "they cannot flout procedural rules—they must abide by the same rules that apply to all other litigants." *Id.* at 245.

### III.   Analysis

A.   Exhaustion of Administrative Remedies

Defendants have moved to dismiss the Complaint on multiple bases. In the alternative, they move for summary judgment on the issue of exhaustion. Because Plaintiff failed to exhaust his administrative remedies, the Court need only address Defendants' motion for summary judgment.

Whether a prisoner has exhausted administrative remedies is a question of law determined by the court, even if that determination requires the resolution of disputed facts. *Small v. Camden*

*County*, 728 F.3d 265, 269 (3d Cir. 2013). The only exception to this is when the exhaustion issue "is intertwined with the merits of a claim," *Perttu v. Richards*, 605 U.S. 460 (2025), which is a circumstance that is not present here.

The PLRA mandates that an inmate exhaust "such administrative remedies as are available" before bringing a suit challenging prison conditions. 42 U.S.C. § 1997e(a). The exhaustion requirement "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). The Supreme Court has repeatedly observed that the PLRA's exhaustion requirement "is 'mandatory': An inmate 'shall' bring 'no action' (or said more conversationally, may not bring any action) absent exhaustion of available administrative remedies." *Ross v. Blake*, 578 U.S. 632, 638 (2016) (citing *Woodford v. Ngo*, 548 U.S. 81, 85 (2006) and *Jones v. Bock*, 549 U.S. 199, 211 (2007)).

The PLRA's mandatory exhaustion requirement means that a failure to exhaust administrative remedies in accordance with a prison's grievance procedures constitutes procedural default. That is so because "the PLRA's exhaustion requirement requires proper exhaustion." *Woodford*, 548 U.S. at 93-95; *see also Spruill v. Gillis*, 372 F.3d 218, 227-30 (3d Cir. 2004). The prison's grievance policy is what "define[s] the boundaries of proper exhaustion." *Jones*, 549 U.S. at 218; *Spruill*, 372 F.3d at 231 ("prison grievance procedures supply the yardstick for measuring procedural default."). Thus, the procedural requirements for exhaustion in a given case are drawn from the policies of that prison rather than from any free-standing federal law.

The BOP has a four-step administrative-remedies process federal inmates must complete to satisfy the exhaustion requirement of the Prison Litigation Reform Act before bringing an action concerning prison conditions. 42 U.S.C. §1997e(a); 28 C.F.R. §§ 542.10-542.19. First, the prisoner

must informally present an issue of concern to the staff for collaborative resolution. 28 C.F.R. § 542.13(a). Second, if the prisoner is dissatisfied with the informal resolution of the issue, the prisoner must submit a formal, written Administrative Remedy Request on a BP-9 form for resolution by the Warden within 20 days following the date on which the basis for the Request occurred. 28 C.F.R. § 542.14. Third, if the prisoner is unsatisfied with the Warden's response, the prisoner may submit an appeal on a BP-10 form to the Regional Director within 20 days from the date that the Warden signed the response. 28 C.F.R. § 542.15. Finally, if the prisoner is not satisfied with the Regional Director's response, then the prisoner may submit a final appeal on a BP-11 form to the General Counsel at the Central Office of Appeals within 30 calendar days of the Regional Director's signed response. *Id.*

Defendants have submitted the declaration of Robert Jensen, a Senior Consolidated Legal Center Attorney employed by the United States Department of Justice, Federal Bureau of Prisons, Northeast Regional Office ("NERO"), Philadelphia, Pennsylvania. (ECF No. 36-4.) Jensen declares that in his official capacity, he has access to most records maintained in the ordinary course of business at NERO, including records maintained in the BOP's computerized database known as Sentry. (*Id.*) Sentry is designed to track information about federal prisoners, including, but not limited to, inmate data, admission/release dates and the status of administrative remedy requests filed by federal prisoners. (*Id.*)

According to Jensen's Declaration, Plaintiff was assigned to FCI Loretto between November 27, 2024 and April 15, 2025. On January 16, 2025, Plaintiff filed a request for an administrative remedy (No. 1198318) with FCI Loretto concerning "Medical Treatment." Plaintiff voluntarily withdrew that request on January 17, 2025 and took no further action regarding this administrative request. Plaintiff filed another request for an administrative remedy (No. 1233466)

on March 17, 2025, concerning "Medical Issues and Request for Non-Rx Items." That request was denied on April 3, 2025. Plaintiff tried to appeal this issue to NERO on April 14, 2025 but filed the appeal incorrectly by not including the correct number of copies. On April 22, 2025, NERO rejected the appeal but instructed Plaintiff on how to correct the issue and to resubmit the appeal. Plaintiff did not resubmit the appeal and took no further action concerning this request.

As the record reflects, Plaintiff withdrew his January 16, 2025 request for an administrative remedy regarding "medical treatment" (1198318) on January 17, 2025. (ECF 47-2.) The form, signed both by Plaintiff and a witness, includes Plaintiff's acknowledgment that his withdrawal was "freely and voluntarily made" and that he did not receive or was promised anything to withdraw his request. (*Id*). In his response to Defendants' motion, Plaintiff states that he withdrew it because Grove said that she would assist him in obtaining medical equipment. In this regard, Plaintiff submitted as an exhibit an email he sent to Grove on February 16, 2025, in which he states that he agreed to withdraw his grievance because she said he would get medical care and treatment. (ECF No. 47-3.) He also asking her if he needed to resubmit his grievance. (*Id.*) As she responded on February 18, 2025, "You have consultations pending. You were scheduled to have an ultrasound during the last clinic, you were in the hospital. *It is your right to file.*" (*Id.*) (emphasis supplied.) While Plaintiff remained at FCI Loretto for almost two months after Grove's response, it is uncontroverted that Plaintiff did not renew this grievance, nor is there is any record evidence that anyone prevented him from doing so.

With respect to the second request for administrative remedy filed on March 17, 2025 (No. 1233466), Plaintiff claims that he was transferred to FMC Devens before he could pursue his administrative remedies. At the same time, he does not assert that he was prevented from renewing his appeal after it was rejected but took no further action. Further, once he was transferred, he

could have grieved his assertion that he was not receiving adequate medical care and assistance. Indeed, Plaintiff states that he has a BP-10 pending against FMC Devens personnel "related to the same issues." (ECF No. 38 at 3.)

Finally, with respect to his claim about the conditions in his cell, there is no evidence that Plaintiff ever submitted a request for administrative remedy.

Plaintiff did not exhaust his administrative remedies in accordance with the BOP's grievance procedures with respect to the claims raised in his Complaint. His failure to do so constitutes procedural default of all claims asserted in this case.

B.  Plaintiff's Motions

After Defendants filed their motion, Plaintiff filed a Motion to Dismiss Defendants' Motion to Dismiss (ECF No. 40) and a Motion for Summary Judgment and/or Jury Trial (ECF No.47). Because of Plaintiff's failure to exhaust his administrative remedies, both motions are without merit.

IV.    **Conclusion**

For these reasons, Defendants' Motion for Summary Judgment will be granted and Plaintiff's Motion to Dismiss Defendants' Motion to Dismiss and Motion for Summary Judgment and/or Jury Trial will be denied.

Appropriate orders follow.

Date: May 22, 2026                              /s/ Patricia L. Dodge
                                                PATRICIA L. DODGE
                                                UNITED STATES MAGISTRATE JUDGE

9